[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10395
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20604-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEONARD DARRAL WELSH,
a.k.a. Leonardo Martinez,
a.k.a. DeCastro Enrique,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 2, 2013)

Before CARNES, BARKETT, and FAY, Circuit Judges.

PER CURIAM:

Leonard Welsh appeals his sentence of 27 months' imprisonment, imposed at the low end of the applicable guideline range of 27 to 33 months' imprisonment, after he pled guilty to illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a), (b)(2).  For the reasons set forth below, we affirm Welsh's sentence.

On appeal, Welsh argues that his sentence was substantively unreasonable because the district court failed to afford significant weight to the mitigating factors in his case, specifically, his past military service, his rehabilitation after returning to the United States, and his community service.  He further argues that, based on the mitigating factors in his case, his case fell outside the "heartland of the guidelines," such that the court should have imposed a sentence below the applicable guideline range.  He contends that he was entitled to a downward departure or variance based on his cultural assimilation to the United States when he was a child, pursuant to U.S.S.G. § 2L1.2, comment. (n.8).  Welsh also asserts that his applicable guideline range was substantially enhanced due to his criminal history, pursuant to § 2L1.2(b).  According to Welsh, the district court applied the Guidelines in a mandatory fashion when it determined that a downward variance was not warranted on the basis that his criminal history outweighed the mitigating factors present in his case, as all defendants subject to an enhancement under § 2L1.2(b) had criminal histories.  Welsh argues that, by "rigidly adhering to the guidelines in the face of substantial mitigating evidence," the district court

2

imposed a sentence that was greater than necessary to achieve the statutory concerns set forth in 18 U.S.C. § 3553(a).

We review the reasonableness of a sentence under a deferential abuse of discretion standard of review. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). A district court's sentence need not be the most appropriate one, but rather need only be a reasonable one. *United States v. Irey*, 612 F.3d 1160, 1191 (11th Cir. 2010) (*en banc*). We may set aside a sentence only if we determine, after giving a full measure of deference to the sentencing judge, that the sentence imposed truly is unreasonable. *Id.* The party challenging the sentence has the burden of establishing that the sentence was unreasonable based on the record and the factors set forth in § 3553(a). *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). Further, we ordinarily expect a sentence imposed within the applicable guideline range to be reasonable. *Id.*

In reviewing the reasonableness of a sentence, we first consider whether the district court committed a procedural error, such as treating the Guidelines as mandatory or failing to consider the § 3553(a) factors. *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. After we have determined that a sentence is procedurally sound, we review a sentence's substantive reasonableness by examining the totality of the circumstances, which includes an inquiry into whether the § 3553(a) factors support the sentence in question. *United States v. Gonzales*, 550 F.3d 1319, 1323-

3

24 (11th Cir. 2008).  The district court must impose a sentence sufficient, but not greater than necessary, to comply with the purposes listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct.  *See* 18 U.S.C. § 3553(a).  In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  18 U.S.C. § 3553(a)(1), (3)-(7).  We do not substitute our own judgment for that of the district court in weighing the relevant sentencing factors absent a clear error of judgment.  *See United States v. Early*, 686 F.3d 1219, 1223 (11th Cir. 2012).  Further, a district court is not required to articulate its consideration of each individual § 3553(a) factor.  *United States v. Ghertler*, 605 F.3d 1256, 1262 (11th Cir. 2010).

A district court may grant a downward departure on the basis of a defendant's cultural assimilation under certain circumstances.  *See* U.S.S.G. § 2L1.2, comment. (n.8).  Additionally, a district court may depart from the applicable guideline range, pursuant to U.S.S.G. § 5K2.0, if there exists a

mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. U.S.S.G. § 5K2.0(a)(1); *see United States v. Gibson*, 434 F.3d 1234, 1253 (11th Cir. 2006). However, unless the district court incorrectly believed that it lacked the authority to grant a downward departure, we have no jurisdiction to review the district court's decision declining to downwardly depart. *See United States v. Dudley*, 463 F.3d 1221, 1228 (11th Cir. 2006). Where nothing in the record indicates otherwise, we assume that the district court understood that it had the authority to depart downward. *Id.*

Here, Welsh appears to argue that the district court should have departed downward based on the mitigating circumstances in his case, pursuant to § 5K2.0, and he argues that the court should have departed downward based on his cultural assimilation, pursuant to § 2L1.2, comment. (n.8). We lack jurisdiction to review the district court's decision not to downwardly depart because there is nothing in the record to suggest that the court was ignorant of its authority to grant a downward departure, pursuant to those guideline provisions. *See id.*

Further, the district court did not treat the Guidelines as mandatory, such that Welsh's sentence is procedurally unreasonable. Before determining that a sentence within the applicable guideline range was warranted, the district court properly considered the § 3553(a) factors, Welsh's guideline range, which the court

specifically acknowledged was advisory, and the parties' statements concerning whether a variance was warranted. Thus, no procedural error occurred on this basis. Next, Welsh's sentence of 27 months' imprisonment, which was imposed at the low end of the applicable guideline range of 27 to 33 months' imprisonment, is substantively reasonable. As Welsh's sentence is within the applicable guideline range, we expect this sentence to be reasonable. *See Talley*, 431 F.3d at 788. The record demonstrates that the district court considered the § 3553(a) factors in imposing his sentence, and there is nothing in the record demonstrating that the total sentence is unreasonable based on those factors. The district court specifically stated that Welsh's military service was "deserving of special consideration" and stated that it considered the parties' statements, which indicates that it considered Welsh's argument for a downward variance based on his post-offense rehabilitation, community service, and cultural assimilation, as well as the government's argument that, in light of Welsh's criminal history, a guideline sentence was appropriate. The court determined that an appropriate sentence was at the low end of the guideline range. We do not substitute our own judgment for that of the district court in weighing the relevant sentencing factors absent a clear error of judgment, which Welsh has not shown here. *See Early*, 686 F.3d at 1223. In light of Welsh's substantial criminal history, he has not shown that a sentence imposed below his applicable guideline range was warranted. Accordingly, Welsh

6

has not shown that the district court's decision to impose a sentence of 27 months' imprisonment was unreasonable.    For the foregoing reasons, we affirm Welsh's sentence.

**AFFIRMED.**